UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUN LIANG, on his own behalf and on behalf of others similarly situated,

                Plaintiff,

-against-

MASTER WOK, INC., et al.,

                Defendants.

**ORDER**

20-CV-03904 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Jun Liang ("Plaintiff") filed this putative class action against Master Wok, Inc. f/k/a Master Wok Kings Plaza, Inc. d/b/a Master Wok ("Master Wok"), Crystal Run Express, Inc. d/b/a Master Wok ("Crystal Run"), Feng Yao ("Feng"), Kai Zhang Yao ("Kai"), Ru Yan Yao ("Ru"), Donald C. Wong ("Wong"), and "John" Yao ("John," and collectively, "Defendants"), alleging nine claims for relief regarding purported violations of both the New York State Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. in connection with his time working as a cook at the Master Wok location at 1 Galleria Drive, Suite 79, Middletown, New York 10941. (Doc. 1, "Compl."). Specifically, Plaintiff alleged that Defendants failed to: (1) pay minimum wage, in violation of the FLSA; (2) pay minimum wage, in violation of the NYLL; (3) pay overtime wages, in violation of the FLSA; (4) pay overtime wages, in violation of the NYLL; (5) provide spread of time pay, in violation of the NYLL; (6) provide meal periods, in violation of the NYLL; (7) keep payroll records, in violation of the NYLL; (8) provide time of hire wage notice, in violation of the NYLL; and (9) provide accurate wage statements, in violation of the NYLL. (*Id*. ¶¶ 77-120).

      Plaintiff purportedly served each Defendant in this action by: (1) personally serving a copy of the Summons and Complaint on Feng, a person of suitable age and discretion at the Master Wok

location in Middletown, New York, on July 21, 2020; and (2) mailing copies of the Summons and Complaint to Defendants at the Master Wok location in Middletown, New York, within twenty days thereafter (Doc. 24 (Crystal Run); Doc. 25 (Ru); Doc. 26 (Wong); Doc. 27 (Kai); Doc. 28 (Master Wok); Doc. 29 (John); Doc. 30 (Feng); Doc. 53 ¶¶ 6-8; Doc. 53-9 ¶¶ 4-6).[1] Plaintiff secured Certificates of Default as to each Defendant on November 30, 2020. (Doc. 40 (Master Wok); Doc. 41 (Crystal Run); Doc. 42 (Feng); Doc. 43 (Kai); Doc. 44 (Ru); Doc. 45 (Wong); Doc. 46 (John)). There was no activity on the docket thereafter until, on January 19, 2021, the Court issued an Order directing Plaintiff to "either: (1) seek a default judgment in accordance with this Court's Individual Practices; or (2) voluntarily discontinue this action." (Doc. 47).

On February 5, 2021, Plaintiff filed a motion seeking an Order stating that he "completely and effectively served Summons with Complaint upon Defendants . . . or in the alternative . . . an Order extending time and permitting service by alternative means permitted by Court." (Doc. 48 at 1; *see also* Doc. 49; Doc. 50). On February 10, 2021, the Court issued an Order terminating the motion and informing Plaintiff that "[n]either of the Federal Rules of Civil Procedure cited in Plaintiff's Notice of Motion authorize the Court to give an advisory opinion on the sufficiency of service on Defendants. (Doc. 51). The Court then directed Plaintiff to: "(1) seek a default judgment in accordance with this Court's Individual Practices; (2) voluntarily discontinue this action; or (3) should he be so advised following a review of applicable service rules, seek an extension of time to serve the five individual and/or two corporate Defendants." (*Id.*).

Approximately one week later, on February 19, 2021, Plaintiff: (1) sought a default judgment against Defendants by way of an Order to Show Cause, in accordance with this Court's Individual Practices (Doc. 52 (Proposed Order to Show Cause); Doc. 53 (Counsel's Affidavit in

---

[1] Plaintiff has not explained how, *inter alia*, it served Master Wok by virtue of serving individuals at the franchisee location operated by another entity.

Support); Doc. 54 (Statement of Damages, with Exhibits); Doc. 55 (Proposed Default Judgment)); and (2) moved for attorneys' fees and costs (Doc. 56; Doc. 57; Doc. 58).

On February 22, 2021, the Court issued an Order to Show Cause directing Defendants to show cause "why an Order for Default Judgment should not be entered . . . in favor of Plaintiff . . . granting default judgment against Defendants . . . ." (Doc. 59 at 1-2). The Order to Show Cause provided also that "IT IS FURTHER ORDERED that Defendants' opposition papers, if any, shall be filed and served on Plaintiff by March 19, 2021, and Plaintiff shall file and serve . . . reply papers, if any, by March 26, 2021." (*Id*.). Plaintiff served the Order to Show Cause on each Defendant on that same day. (Doc. 60 (Master Wok); Doc. 61 (Crystal Run); Doc. 62 (Feng); Doc. 63 (Kai); Doc. 64 (Ru); Doc. 65 (Wong); Doc. 66 (John)). Two days later, February 24, 2021, the Court—in an abundance of caution, given individual Defendants' possible *pro se* status—issued an Order instructing that the briefing schedule associated with Plaintiff's motion for attorneys' fees and costs would "mirror" that set in connection with the Order to Show Cause. (Doc. 67). Plaintiff served that Order on each Defendant that same day. (Doc. 68 (Master Wok); Doc. 69 (Crystal Run); Doc. 70 (Feng); Doc. 71 (Kai); Doc. 72 (Ru); Doc. 73 (Wong); Doc. 74 (John)).

Apart from Plaintiff's filing affidavits of service following the February 24, 2021 Order, there has been no activity on the docket and no Defendant has yet appeared in this action.

Upon review of Plaintiff's filings, both his request for a default judgment and his motion for attorneys' fees and costs are denied without prejudice to renew. Plaintiff may, should he be so advised, renew his request for a default judgment and motion for attorneys' fees in accordance with this Court's Individual Practices. Should Plaintiff wish to renew his applications, the filings must address the specific issues outlined below.

*First*, Plaintiff must explain, with factual specificity and citations to applicable statutes and precedent, the sufficiency of service on each Defendant.

*Second*, Plaintiff must rectify the apparent discrepancies between the facts pled and the Damage Calculation Spreadsheet. These discrepancies include, for example, differences in the value of his dorm costs. Plaintiff pled that "[t]he fair value of the dorm for the first six months of his employer-provided dorm is Four Hundred Dollars ($400) per person per month." (Compl. ¶ 58). The Damage Calculation Spreadsheet reflects dorm costs at $400 for only *two* months (*i.e.*, November 2016 and December 2016). (Doc. 53-10).

*Third*, Plaintiff must explain, with factual specificity and citations to applicable statutes and precedent, the basis for the claimed value of the dorm costs. It appears that the values Plaintiff identifies—$400, $500, and $750—vary from what is permitted under applicable law. *See* N.Y. Labor Law § 193(1)(a); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.5(a)(2).

*Fourth*, Plaintiff must offer an explanation—with examples and by a person with personal knowledge—of how the value of each column in the Damage Calculation Spreadsheet (*e.g.*, "Hrly Rate," "# of Wks," etc.) was determined.

For the foregoing reasons, the motions for a default judgment and for attorneys' fees and costs are DENIED without prejudice to renew within thirty days. Plaintiff is directed to serve a copy of this Order on each Defendant and file proof of service on the docket by October 3, 2021. The Clerk of the Court is respectfully directed to terminate sequence pending at Doc. 56.

**SO ORDERED:**

Dated:   White Plains, New York
         September 28, 2021

_____
PHILIP M. HALPERN
United States District Judge