UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUN LIANG, on his own behalf and on behalf of others similarly situated,

        Plaintiff,

v.

MASTER WOK, INC. f/k/a Masterk Wok Kings Plaza, Inc., d/b/a Master Wok, CRYSTAL RUN EXPRESS, INC. d/b/a Master Wok, and FENG YAO, KAI ZHANG YAO, RU YAN YAO, DONALD C. WONG, and, "JOHN" Yao,

        Defendants.

No.: 7:20-cv-03904 (PMH)

ANSWER & DEFENSES

Defendants Master Wok, Inc. f/k/a Master Wok Kings Plaza, Inc., d/b/a Master Wok, Crystal Run Express, Inc. d/b/a Master Wok, and Feng Yao, Kai Zhang Yao, Donald C. Wong, and "John" Yao ("Defendants") hereby answer the First Amended Complaint as follows:

INTRODUCTION[1]

1. The allegations in Paragraph 1 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to the statutory provisions he cites and seeks the relief he lists.

---

[1] Defendants do not admit the headers Plaintiff uses in his Complaint are accurate or accurately describe the subsequent allegations. Defendants are, however, using them in their Answer for organizational ease and consistency.

2. Denied.

3. The allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to the statutory provisions he cites and seeks the relief he lists.

4. The allegations in Paragraph 4 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to the statutory provisions he cites and seeks the relief he lists.

JURISDICTION AND VENUE

5. The allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit Plaintiff asserts this Court has jurisdiction over this case based on the cited statutes.

6. The allegations in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit Plaintiff asserts venue is proper based on the cited statutes.

PLAINTIFF

7. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 7. All other Defendants deny the allegations in Paragraph 7, except admit that Plaintiff was a Miscellaneous and Fry Wok helper at 1 Galleria Drive, Suite 79, Middletown, NY 10941.

## DEFENDANTS

*Franchisor Corporate Defendant*

8. Defendants deny the allegations in Paragraph 8, except admit that Master Wok, Inc. has a principal address at 701 Montrose Avenue, South Plainfield, NJ 07080..

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

*Operator Corporate Defendant*

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

*Franchisee Owner/Operator Defendants*

15. The allegations in Paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. Defendants deny the allegations in Paragraph 16, except admit that Feng Yao had the power to hire and fire employees at Crystal Run Express Inc., supervise them, and determine their pay.

17. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 17. All other Defendants admit the allegations in Paragraph 17.

18. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 18. All other Defendants deny the allegations in Paragraph 18.

19. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 19. All other Defendants admit the allegations in Paragraph 19.

20. The allegations in Paragraph 20 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 21. All other Defendants deny the allegations in Paragraph 21, except admit that Kai Zhang Yao is the son of "John" Yao and Feng Yao.

22. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 22. All other Defendants admit the allegations in Paragraph 22.

23. The allegations in Paragraph 23 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 24. All other Defendants deny the allegations in Paragraph 24, except admit that Ru Yan Yao is the daughter of "John" Yao and Feng Yao.

25. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 25. All other Defendants admit the allegations in Paragraph 25.

26. The allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. Defendants deny the allegations in Paragraph 27, except admit that Donald C. Wong is the NYS Permitted Operator and DOS Process agent of Crystal Run Express, Inc. and CEO of Master Wok, Inc.

28. The allegations in Paragraph 28 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 29. All other Defendants deny the allegations in Paragraph 29, except admit that "John" Yao supervised employees at Crystal Run Express Inc.

30. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 30. All other Defendants admit the allegations in Paragraph 30.

31. The allegations in Paragraph 28 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## STATEMENT OF FACTS

32. Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. As this allegation concerns Domino's Pizza, a non-defendant in this case, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

Wage and Hour Claims

37. The allegations in Paragraph 37 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. The allegations in Paragraph 33 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 45. All other Defendants admit the allegations in Paragraph 45.

*Plaintiff Jun Liang*

46. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 46. All other Defendants deny the allegations in Paragraph 46, except admit that Plaintiff was a Miscellaneous and Fry Wok helper at 1 Galleria Drive, Suite 79, Middletown, NY 10941.

47. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 47. All other Defendants deny the allegations in Paragraph 47, except admit that Plaintiff quit.

48. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 48. All other Defendants deny the allegations in Paragraph 48.

49. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 49. All other Defendants deny the allegations in Paragraph 49.

50. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 50. All other Defendants deny the allegations in Paragraph 50.

51. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 51. All other Defendants deny the allegations in Paragraph 51.

52. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 52. All other Defendants deny the allegations in Paragraph 52.

53. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 53. All other Defendants deny the allegations in Paragraph 53.

54. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 54. All other Defendants deny the allegations in Paragraph 54.

55. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 55. All other Defendants deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 55, as Plaintiff does not identify a time frame. Defendants, however, admit that, at one time, Plaintiff lived in a company-provided dorm at 126 Prospect Avenue, Middletown, NY 10940.

56. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 56. All other Defendants admit the allegations in Paragraph 56.

57. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 57. All other Defendants admit the allegations in Paragraph 57.

58. Defendants deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 58.

59. Defendants deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 59.

60. Defendants deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 60.

61. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 61. All other Defendants admit the allegations in Paragraph 61.

62. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 62. All other Defendants admit the allegations in Paragraph 62.

63. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 63. All other Defendants admit the allegations in Paragraph 63.

64. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 64. All other Defendants admit the allegations in Paragraphs 64.

65. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 65. All other Defendants admit the allegations in Paragraph 65.

66. Defendants Master Wok, Inc. and Donald C. Wong deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 66. All other Defendants admit the allegations in Paragraph 66.

## COLLECTIVE ACTION ALLEGATIONS

67. The allegations in Paragraph 67 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to the statutory provisions he cites and for the requested relief.

## CLASS ACTION ALLEGATIONS

68. The allegations in Paragraph 68 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that

Plaintiff purports to bring this action pursuant to the statutory provisions he cites and for the requested relief.

69. The allegations in Paragraph 69 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

*Numerosity*

71. The allegations in Paragraph 71 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

*Commonality*

72. The allegations in Paragraph 72 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

*Typicality*

73. The allegations in Paragraph 73 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

*Adequacy*

74. The allegations in Paragraph 74 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except deny having sufficient knowledge or information to admit or deny the allegations concerning the experience and competence of Plaintiff's counsel.

*Superiority*

75. The allegations in Paragraph 75 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Defendants deny having sufficient knowledge or information to admit or deny the allegations in Paragraph 76.

## STATEMENT OF CLAIMS

### COUNT I.
[Violations of the Fair Labor Standards Act—Unpaid Wages
Brough on behalf of the Plaintiff and the FLSA Collective]

77. In response to Paragraph 77, Defendants repeat their responses to Paragraphs 1 to 76.

78. Defendants deny the allegations in Paragraph 78.

79. The allegations in Paragraph 79 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and state the statute speaks for itself.

80. Defendants deny the allegations in Paragraph 80.

### COUNT II.
[Violation of New York Labor Law—Unpaid Wages
Brought on behalf of Plaintiff and Rule 23 Class]

81. In response to Paragraph 81, Defendants repeat their responses to Paragraphs 1 to 80.

82. The allegations in Paragraph 82 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. The allegations in Paragraph 85 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

## COUNT III.
[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of the Plaintiff and the FLSA Collective]

86. In response to Paragraph 86, Defendants repeat their responses to Paragraphs 1 to 85.

87. The allegations in Paragraph 87 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

88. The allegations in Paragraph 88 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

89. The allegations in Paragraph 89 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. Defendants deny the allegations in Paragraph 90.

91. The allegations in Paragraph 91 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

## COUNT IV.
[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]

94. In response to Paragraph 94, Defendants repeat their responses to Paragraphs 1 to 93.

95. The allegations in Paragraph 95 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

96. Defendants deny the allegations in Paragraph 96

97. The allegations in Paragraph 97 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT V.
[Violation of New York Labor Law—Spread of Time Pay
Brought on behalf of Plaintiff and Rule 23 Class]

99. In response to Paragraph 99, Defendants repeat their responses to Paragraphs 1 to 98.

100. The allegations in Paragraph 100 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

101. The allegations in Paragraph 101 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI.
[Violation of New York Labor Law—Failure to Provide Meal Periods
Brought on behalf of Plaintiff and the Rule 23 Class]

102. In response to Paragraph 102, Defendants repeat their responses to Paragraphs 1 to 101.

103. The allegations in Paragraph 103 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

104. Defendants deny the allegations in Paragraph 104.

105. The allegations in Paragraph 105 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VII.
[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]

107. In response to Paragraph 107, Defendants repeat their responses to Paragraphs 1 to 106.

108. Defendants deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

110. Defendants deny the allegations in Paragraph 110.

111. The allegations in Paragraph 111 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VIII.
[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and Rule 23 Class]

112. In response to Paragraph 112, Defendants repeat their responses to Paragraphs 1 to 111.

113. The allegations in Paragraph 113 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. The allegations in Paragraph 116 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT IX.
[Violation of New York Labor Law—Failure to Provide Wage Statements
Brought on behalf of Plaintiff and Rule 23 Class]

117. In response to Paragraph 117, Defendants repeat their responses to Paragraphs 1 to 116.

118. The allegations in Paragraph 118 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state the statute speaks for itself.

119. Defendants deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny every allegation in the "WHEREFORE" paragraph, and specifically deny that Plaintiff is entitled to the requested or any other relief against Defendants.

## GENERAL DENIAL

Defendants deny every allegation in the Complaint not expressly admitted in the Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Defendants, in asserting them, do not admit they bear any burden of proof of any issue on which they would not otherwise bear that burden.

## FIRST DEFENSE

Plaintiff's claims, in whole or in part, fail to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff has been paid all monies owed to him.

### FOURTH DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that money is owed, Plaintiff cannot establish that any alleged FLSA or Labor Law violation was willful or reckless and, thus, cannot establish entitlement to a three-year statute of limitations with respect to his FLSA claims or liquidated damages under the FLSA or Labor Law.

### FIFTH DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that money is owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

### SIXTH DEFENSE

This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

### SEVENTH DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiff of which Defendants lacked actual or constructive knowledge.

### EIGHTH DEFENSE

The First Amended Complaint fails to state that each corporate Defendant is a covered entity under the FLSA.

### NINTH DEFENSE

The First Amended Complaint fails to state that each individual Defendant is an "employer" under the FLSA and Labor Law.

### TENTH DEFENSE

N.Y. Lab. Law § 195 does not provide for a private right of action, and then assuming *arguendo* that it does, Plaintiff is not entitled to any relief thereunder since he was paid all wages owed to him.

### ELEVENTH DEFENSE

Defendants satisfied any and all obligations to Plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWELFTH DEFENSE

Plaintiff's claims are unable to be brought as a class or collective action.

### THIRTEENTH DEFENSE

The potential class is not numerous.

### FOURTEENTH DEFENSE

The questions of law or fact are not common to the potential class.

### FIFTHTEENTH DEFENSE

The claims or defenses of the parties are not typical of the claims or defenses of the potential class.

### SIXTEENTH DEFENSE

The interests of the potential class will not be fairly and adequately protected.

### SEVENTEENTH DEFENSE

Plaintiff is not an adequate representative of the putative class members.

### EIGHTEENTH DEFENSE

Plaintiff is not similarly situated with those he alleges are potential members of a collective action.

### NINETEENTH DEFENSE

The class Plaintiff seeks to represent is an impermissible fail-safe class.

### TWENTIETH DEFENSE

Plaintiff's statutory claims bar any quasi-contractual relief they seek.

### TWENTY-FIRST DEFENSE

Defendants have good faith defenses for any claimed violations of N.Y. Lab. Law §§195.1 and 195.3.

### TWENTY-SECOND DEFENSE

To the extent any wages were paid late, they were not paid sufficiently late to warrant liquidated damages under the FLSA or Labor Law.

### TWENTY-THIRD DEFENSE

Plaintiff and the putative class and collective action members cannot recover liquidated damages under the FLSA and Labor Law.

### TWENTY-FOURTH DEFENSE

Defendants did not jointly employ Plaintiff.

### RESERVATION OF RIGHTS

Defendants hereby reserve their right to assert any additional defenses as may become apparent during the court of discovery and trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants seek judgment against Plaintiff as follows:

1. Dismissal of the First Amended Complaint in its entirety with prejudice;

2. Costs and disbursements incurred in this suit;

3. Reasonable attorneys' fees and expenses to the full extent permitted by applicable law; and

4. Such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       February 9, 2022

                                              s/ Douglas B. Lipsky
                                              Douglas B. Lipsky
                                              Alfons D'Auria
                                              LIPSKY LOWE LLP
                                              420 Lexington Avenue, Suite 1830
                                              New York, New York 10170-1830
                                              212.392.4772
                                              doug@lipskylowe.com
                                              alfons@lipskylowe.com
                                              *Attorneys for Defendants Master Wok, Inc.*
                                              *f/k/a Master Wok Kings Plaza, Inc., d/b/a*
                                              *Master Wok, Crystal Run Express, Inc. d/b/a*
                                              *Master Wok, and Feng Yao, Kai Zhang Yao,*
                                              *Donald C. Wong, and "John" Yao*