# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

June 11, 2023

<u>Via ECF</u>
Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*LIANG et al. v MASTER WOK, INC. f/k/a Master Wok Kings Plaza, Inc. d/b/a Master Wok et al., 20-cv-03904*

Dear Judge Halpern:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.   Background

Plaintiff JUN LIANG was employed by Defendants MASTER WOK, INC. f/k/a Master Wok Kings Plaza, Inc. d/b/a Master Wok; and CRYSTAL RUN EXPRESS, INC. d/b/a Master Wok and FENG YAO, KAI ZHANG YAO, RU YAN YAO, DONALD C. WONG, and "JOHN" YAO, (collectively, "Defendants"),

This lawsuit was originally filed on May 20, 2020, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a

Hon. Philip M. Halpern
Page 2

paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Ten Thousand Dollars ($110,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A.  Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff JUN LIANG claimed that he worked approximately seventy two (72) hours on average each day from November 1, 2016 to December 1, 2017; and he was paid two thousand five hundred dollars a month from November 1, 2017 to December 1, 2017. The fair value of the dormitory was four hundred dollars ($400) per person per

month for the first six months, and five hundred dollars ($500) per person for the next six months. At all relevant times, Plaintiff was not paid overtime pay for overtime work.

Plaintiff Jun Liang's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Twenty-Five Thousand Seven Hundred Sixty-Five dollars and thirty-four cents ($25,765.34) and his unpaid spread of hours wage and overtime compensation shortfall under the NYLL was Fifty Thousand Four Hundred Sixty-Six dollars and eighty-one cents ($50,466.81). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Twenty-one Thousand Five Hundred Fifty-nine dollars and one cent ($21,559.01) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Thirty-two Thousand Four Hundred Ninety-two dollars and sixty-three cents ($132,492.63).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Ten Thousand Dollars ($110,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants admit to liability in their Answer. This case, from Defendants' perspective, was therefore primarily about the damages amount and who should be a named defendant.

On the amount of damages, Defendants strongly deny that Plaintiff worked the claimed hours. Defendants, however, do not have any time records showing when Plaintiff started and stopped working on any given day. This issue would therefore be a credibility test for the trier of fact.

Further on the amount of damages, Defendants have maintained their violations were neither willful nor reckless. Defendants, accordingly, believe they would have a legitimate chance at trial of avoiding liquidated damages being awarded.

Also, Defendants strongly deny that some of the individual defendants should have been named in this case. Defendants, accordingly, devoted significant effort to defending who should be named as a defendant.

Defendants considered all of these factors in agreeing to the settlement amount.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Ten Thousand Dollars ($110,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Four Thousand Ninety-Eight Dollars And Thirty-Two Cents ($4,098.32). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is One Hundred Five Thousand Nine Hundred One Dollars And Sixty-Eight Cents ($105,901.68).

Of the Net Settlement Amount, One Third (1/3), or Thirty-Five Thousand Three Hundred Dollars And Fifty-Six Cents($35,300.56), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Thousand Ninety-Eight Dollars And Thirty-Two Cents ($4,098.32) for a total of Thirty-Nine Thousand Three Hundred Ninety-Eight Dollars And Eighty-Eight Cents ($39,398.88). Of the Net Settlement Amount, Two Thirds (2/3), or Seventy Thousand Six Hundred One Dollars And Twelve Cents($70,601.12) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Philip M. Halpern
Page 5

Respectfully Submitted,

| **TROY LAW PLLC** | **LIPSKY LOWE LLP** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

/s/ John Troy
John Troy, Esq.
Aaron Schweitzer, Esq.
Tiffany Troy, Esq.
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel.: 718 762 1324

/s/ Douglas Lipsky
Douglas Lipsky, Esq.
Christopher H. Lowe, Esq.
420 Lexington Avenue Suite 1830
New York, NY 10170-1830
Tel: 2123924772